UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHANIE KNOX,<br><br>Plaintiff,<br><br>v.<br><br>ATTORNEY GENERAL OF THE STATE OF NEVADA, ADAM PAUL LAXALT, and LISA RUIZ-LEE,<br><br>Defendants. | Case No. 2:15-CV-00921-APG-GWF<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(Dkt. #1) |

Petitioner Stephanie Knox filed a petition for a writ of habeas corpus (Dkt. #1) in which she seeks emergency relief in the form of an order from this Court staying a trial for the termination of parental rights scheduled to begin May 20, 2015 in Nevada state court. I deny the request for emergency relief.

Preliminarily, Knox did not comply with the Local Rules for filing emergency motions. *See* LR 7-5 (requiring that the filing be entitled "Emergency Motion" and be accompanied by an affidavit setting forth the nature of the emergency, the office address and telephone numbers of the movant and all affected parties, and a statement certifying that, after personal consultation and sincere effort to do so, the moving party has been unable to resolve the matter without court intervention and detailing efforts to contact the other side). That would be grounds to deny the requested relief. However, given that Knox is acting pro se, I will consider her petition as a motion for emergency relief despite her failure to comply with the Local Rules.

Federal courts may not intervene in ongoing state proceedings under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger* abstention, a federal court may not exercise jurisdiction when doing so would interfere with state judicial proceedings. *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). A district court must abstain and dismiss a suit on the basis of *Younger* where: (1) state

proceedings are ongoing; (2) important state interests are involved; (3) the plaintiff has an adequate opportunity to litigate federal claims in the state proceedings; and (4) "the federal court action would enjoin the proceeding, or have the practical effect of doing so." *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 882 (9th Cir. 2011); *Middlesex Cnty. Ethics Comm'n*, 457 U.S. at 432.

By Knox's own allegations, state proceedings are ongoing. Important state interests are involved because "[f]amily relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979). Knox has an adequate opportunity to litigate her parental rights in state court. She alleges a trial on the matter is set to commence tomorrow, and she may appeal any decision by the district court terminating her parent rights. *See, e.g.*, *In re Parental Rights of J.L.N.*, 55 P.3d 955 (Nev. 2002) (reviewing on appeal district court's decision terminating parental rights, and finding substantial evidence did not support termination was in the child's best interests and parent overcame the statutory presumption for termination of rights). Finally, this action would enjoin the state court proceeding because Knox specifically requests that I enjoin the state court trial set to commence tomorrow morning. I therefore deny Knox's request for emergency relief. Moreover, because the only relief Knox requests is for me to stay the state court proceedings and order the return of Knox's minor child to her custody, I dismiss this case.

Because Knox is litigating this matter pro se, and given the impending state court proceedings, I am emailing this order to the email address Knox has provided, in addition to service by regular mail, so that Knox may file an emergency appeal to the United States Court of Appeals for the Ninth Circuit if she chooses to do so.

IT IS THERFORE ORDERED that plaintiff Stephanie Knox's Writ of Habeas Corpus is DENIED and this action is DISMISSED.

DATED this 19th day of May, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE